UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG MY LAM,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security Administration,<br><br>        Defendant. | Case No. CV 11-708-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

On January 28, 2011, plaintiff Dung My Lam filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents a single disputed issue for decision: whether the Administrative Law Judge ("ALJ") properly considered the examining physician's opinion. Joint Stipulation ("JS") at 3-11.

1

Having carefully studied, inter alia, the parties's Joint Stipulation, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered the examining physician's opinion. Specifically, the ALJ properly rejected the opinion of the examining physician that plaintiff was precluded from working with heavy and moving machinery, based on specific and legitimate reasons supported by substantial evidence. Therefore, the court affirms the Commissioner's decision denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was fifty-nine years old on the date of her July 14, 2009 administrative hearing, has a high school education. AR at 27-28, 90, 121. Her past relevant work includes employment as a home health care worker and sewer. AR at 117.

On September 27, 2007, plaintiff filed an application for SSI.[1] AR at 90-96. Plaintiff alleges that she has been disabled since December 1, 2005, due to headaches, arthritis, dizziness, insomnia, and pain in the lower back, legs, chest, and joints. AR at 116. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. AR at 49-53, 59-63, 67.

On July 14, 2009, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 24-44. The ALJ also heard testimony from Jane Hail, a vocational expert. AR at 42-43. On August 4, 2009, the ALJ denied plaintiff's claim for benefits. AR at 14-23.

Applying the well-known five-step sequential evaluation process, the ALJ

---

[1] Plaintiff filed two previous applications for disability insurance benefits, which were denied initially in 2006 and 2007. AR at 113.

found, at step one, that plaintiff did not engage in substantial gainful activity since August 31, 2007, the protective filing date. AR at 16.

At step two, the ALJ found that plaintiff suffered from the following "severe combination of impairments": mild, age-appropriate degenerative changes of the thoracic and lumbosacral spine; history of gout; and hypertension. AR at 16.

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). AR at 18.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[2] and determined that she had the RFC to perform light work except that postural activities be limited to no more than occasionally. AR at 18.

The ALJ found, at step four, that plaintiff was capable of performing her past relevant work as a sewing machine operator as generally performed in the national economy. AR at 22. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.*

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security

---

[2] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

3

Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff argues that the ALJ improperly rejected the opinion of examining physician, Dr. Bryan H. To. JS at 3-8. Specifically, plaintiff contends that the ALJ's reason for rejecting Dr. To's opinion that plaintiff should be precluded from working with heavy and moving machinery was not specific and legitimate. JS at 6-8. The court disagrees.

In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. §§ 404.1527(d), (f), 416.927(d), (f); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). This is because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ, however, is not bound by the opinion of the treating and examining physicians. *Smolen*, 80 F.3d at 1285; *Lester*, 81 F.3d at 830. If a treating or examining physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight. *Lester*, 81 F.3d at 830. If the treating or examining physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* at 830-31. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

**A.     Medical Opinions**

Here, Dr. To and two state agency physicians, Dr. C. Richard Dann and Dr. Charles F. Friedman, provided opinions as to plaintiff's impairments and functional capacity. AR at 270-77, 280-81.

Dr. To, an internist, examined plaintiff on October 31, 2007. AR 270-74. Plaintiff's medical records were unavailable for Dr. To to review. AR at 270. Dr.

To observed that plaintiff had pain on palpation of her joints, was able to abduct and flex her shoulder about forty degrees, and had decreased range of motion in her back. AR at 272-73. Dr. To diagnosed plaintiff with lower back pain, multiple joint pain, and headaches. AR at 273. In making his diagnosis, Dr. To noted that plaintiff complained of range of motion pain, but there were no true findings of nerve root irritation in the back, no evidence of deformity and swelling in the joints, and that with the exception of the shoulder, the joints were within the normal range of motion. *Id.* Dr. To also noted that plaintiff's headaches go away with medication. *Id.* Based on the examination, Dr. To opined that plaintiff could: push, pull, lift, and carry twenty pounds occasionally and ten pounds frequently; stand and walk six hours in an eight-hour day; and walk on an uneven terrain, climb ladders, work with heights, bend, kneel, stoop, crawl, and crouch on a frequent basis. AR at 273-74. Dr. To further opined that plaintiff should be restricted from working with heavy and moving machineries. AR at 274.

Dr. Dann and Dr. Friedman opined that plaintiff did not have any severe impairments. AR at 277, 281. Dr. Dann noted that there were no substantial objective findings. AR at 277. Because these non-examining physicians contradicted Dr. To's opinion, the ALJ was permitted to reject or discount Dr. To's opinion based on specific and legitimate reasons supported by substantial evidence. *See Lester*, 81 F.3d at 830-31.

B.   The ALJ's Findings

In reaching his RFC determination, the ALJ gave greater weight to Dr. To's opinion, less weight to the opinions of the state consultative examiners, and "the extreme benefit of the doubt" to plaintiff. AR at 21-22. The ALJ adopted the majority of Dr. To's opinion with reservation, stating that he was doing so despite the fact that Dr. To's objective findings did not substantiate a limitation to light work. AR at 22. The ALJ expressly rejected the limitation that plaintiff be

precluded from working with heavy and moving machinery because there was no objective evidence to substantiate the limitation. *Id.*

The lack of objective evidence is a specific and legitimate reason for rejecting the opinion of an examining physician. *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (lack of supportive objective evidence is a specific and legitimate reason); *Tonapetyan*, 242 F.3d at 1149 (same). Although it may appear somewhat inconsistent for the ALJ to adopt portions of Dr. To's opinion but to reject this specific restriction, his reason for doing so is sufficient. The ALJ noted that Dr. To's clinical findings were relatively benign. AR at 22. Dr. To observed that plaintiff's muscle tone and mass appeared normal, palpation along the paravertebral muscles and midline along the spious process did not elicit pain or spasm, plaintiff ambulated with a normal gait, plaintiff had no problems with coordination, and plaintiff had an unremarkable neurological examination. AR at 19, 271-73. Dr. To also reported that plaintiff was "oriented to time, place, person and purpose," had normal motor function and strength, and that her reported headaches went away with medication. AR at 273. And where Dr. To had objective findings of a decreased range of motion in the back, a subsequent examination showed that plaintiff had full range of motion. AR 19, 273, 301. Thus, the ALJ's determination is supported by substantial evidence.

In addition to Dr. To's objective findings, the ALJ referred to plaintiff's treatment history, treatment notes, and the opinions of the state agency consultative physicians. AR at 20. Plaintiff's medical history shows that she received routine treatment and her treatment notes did not reflect any motor weakness, sensory deficits, or reported limitations. *Id.* Instead, her doctors recommended that she exercise. AR at 20-21, 225, 228, 351. The ALJ also referred to Dr. Dann's finding that there was a lack of clinical findings, lack of any deformity, atrophy, or swelling to support the alleged musculoskeletal symptoms AR 20, 276. The ALJ correctly noted that none of these support plaintiff's

subjective complaints. Indeed, the ALJ explicitly found plaintiff not credible and exaggerated her symptoms. AR 19-21.

Because lack of objective evidence is a specific and legitimate reason for rejecting an examining physician's opinion, plaintiff's claim that the ALJ erred in rejecting a portion of Dr. To's opinion is without merit.

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

DATED: February 8, 2012

SHERI PYM
United States Magistrate Judge